IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ORLANDO I. O'NEAL,**

    **Plaintiff,**

vs.                                    Case No. 1:23-cv-00094-AW-MAF

**GAGE BOSLEY,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Orlando I. O'Neal, a prisoner proceeding *pro se*, initiated this case on April 21, 2023, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. ECF No. 1. For the reasons stated below, the case should be dismissed for Plaintiff's failure to prosecute this case and because Plaintiff failed to comply with the Court's orders.

**I.  Procedural History**

Plaintiff filed a complaint along with an incomplete motion to proceed *in forma pauperis* (IFP). ECF Nos. 1, 2. The Clerk sent Plaintiff its standard notice to pro se litigants. ECF No. 3. The Prisoner Consent Form and Financial certificate filed as part of the IFP motion was blank; and Plaintiff did not submit the requisite inmate account statements. Id. On April 24, 2023,

the Court denied Plaintiff's IFP motion and directed him to either refile a complete motion with the inmate account statements or, alternatively, pay the fee by **May 24, 2023**. ECF No. 4. Although Plaintiff initiated this case from Alachua County Jail, he was housed at Reception and Medical Center at Lake Butler ("Lake Butler"). Id. The Court, as a courtesy, directed the order be sent to Plaintiff at Lake Butler but advised Plaintiff he was required to file a change of address and the Court would not do it for him. Id.

More than one month later, on May 31, the Clerk's letter (sent to Alachua County Jail) was returned as undeliverable. ECF No. 5. On June 22, 2023, the Court issued an order to show cause why the case should not be dismissed for failure to submit a proper IFP motion, failure to pay the fee, and failure to file a notice of change of address. ECF No. 6. The Court noted that Plaintiff had been transferred again, this time to Walton Correctional Institution and advised him that he was required to file a notice of change of address. Id., p. 3. Plaintiff had until **July 13, 2023** to comply. Id. On July 10, 2023, Plaintiff filed a motion for an extension of time and notice of change of address. ECF No. 8. The Court gave Plaintiff until **August 1** to file a proper motion or pay the fee. Id., p. 9. Plaintiff filed a second IFP motion before the deadline, which was incomplete. ECF No. 10. The court denied the motion and gave Plaintiff additional time, until **August 18, 2023**, as a

grace period for any mailing or other delay, which may have prevented compliance by the August 1 deadline. ECF Nos. 11, 12. The Court warned that failure to comply with court orders would result in a recommendation to dismiss this action. ECF Nos. 4, 6, 9, 11, 12. Plaintiff has not submitted a complete IFP application and did not pay the fee. Dismissal is proper.

## II.   Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Without a proper IFP motion or payment of the filing fee this case cannot proceed. Plaintiff simply did not comply.

### III. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute and failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 23, 2023.

>   s/ Martin A. Fitzpatrick
>   **MARTIN A. FITZPATRICK**
>   **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).